# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUIS ANTONIO OCHOA POLO,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| | : | **NO. 25-7021** |
| v. | : | |
| | : | |
| **MICHAEL T. ROSE, in his official capacity as ICE Acting Field Office Director,** *et al.*, | : | |
| | : | |
| | : | |
| *Defendants.* | : | |

## ORDER

**AND NOW**, this 19th day of December 2025, upon consideration of Petitioner Luis Antonio Ochoa Polo, ("Petitioner"), *verified petition for a writ of habeas corpus*, ("Petition"), (ECF 1), it is hereby **ORDERED** that:[1]

1. The Clerk of the Court shall forward a copy electronically of the Petition, (ECF 1), this Order, and the Clerk's office acceptance of service form to the Chief, Civil Division, at the Philadelphia United States Attorney's Office;

2. Respondents shall formally file, with a copy to this Court, an expedited answer in response to the Petition, along with its exhibits, copies of all relevant documents, and an index of exhibits by **December 26, 2026**. The answer shall state the statutory authority for Petitioner's detainment, *see* 28 U.S.C. § 2243, and provide the related

---

[1] Petitioner, a native and citizen of Mexico, filed a petition for writ pursuant to 28 U.S.C. § 2241, challenging his allegedly unlawful December 10, 2025 detainment at the Federal Detention Center in Philadelphia, Pennsylvania. Petitioner argues, *inter alia*, that his detainment is unlawful because he is eligible for bond and Immigration Court 42(b) Non-Lawful Permanent Resident Cancellation for Removal. (ECF 1 at ¶¶ 28-32). Petitioner further argues that his detainment violates: (1) Section 1226(a) of the Immigration and Nationality Act; and (2) the Fifth Amendment's Due Process Clause. (*Id.* at ¶¶ 40-99).

In accordance with Rule 4 of the Rules Governing § 2254 Cases ("*Habeas* Governing Rule"), which applies to § 2241 cases through *Habeas* Governing Rule 1(b), this Court finds that the dismissal of the Petition without the benefit of an answer and record is not warranted, and that an expedited briefing is necessary to ensure a prompt and fair disposition of Petitioner's request. 28 U.S.C. foll. § 2254, Rule 1, 4.

legal analysis and record evidence supporting the asserted statutory basis for the detention. The answer shall also address whether a bond hearing is required;

3. Respondents are to serve Petitioner's counsel with the answer certified;

4. Petitioner may file a reply to Respondent's answer by December 31, 2025;

5. Respondents ***shall not*** move or remove Petitioner outside of City of Philadelphia or outside the Philadelphia Federal Detention Center, Pennsylvania, during the pendency of this matter. Any such movement of Petitioner will be deemed a violation of this Order; and

6. Any request to deviate from this Order shall be made by motion.

        **BY THE COURT:**

        /s/ *Nitza I. Quiñones Alejandro*
        **NITZA I. QUIÑONES ALEJANDRO**
        *Judge, United States District Court*