# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUIS ANTONIO OCHOA POLO,** | : | **CIVIL ACTION** |
| *Petitioner,* | : | |
| | : | **NO. 25-7021** |
| v. | : | |
| | : | |
| **MICHAEL T. ROSE,** *et al.*, | : | |
| *Respondents.* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                    DECEMBER 24, 2025

## MEMORANDUM OPINION

**INTRODUCTION**

Before this Court is Petitioner Luis Antonio Ochoa Polo's ("Mr. Ochoa" or "Petitioner") petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 (the "Petition"), which challenges his detention by the Department of Homeland Security (DHS). (ECF 1). In his Petition, Mr. Ochoa, who has allegedly been in the United States since 2002, contends that he is charged, *inter alia*, with entering the United States of America without admission or inspection, and that he is being unlawfully detained and should be released. (*Id.*). Respondents[1], (hereinafter, the "Government"), argue that this Court lacks jurisdiction to intervene in Petitioner's removal proceedings or, in the alternative, that the Petition should be dismissed on the merits because Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2) and, as such, his detainment without a bond hearing does not offend due process. (ECF 6). The issues have been fully briefed and are ripe for disposition. For the reasons set forth herein, Mr. Ochoa's Petition is granted.

---

[1] Michael T. Rose, in his official capacity as ICE Acting Field Office Director; Kristi Noem, in her official capacity as Secretary, DHS; Todd M. Lyons, in his official capacity as Acting Direct of ICE; Jamal L. Jamison, warden of the FDC; and Pamela Bondi, in her official capacity as Attorney General of the United States (the "Attorney General").

**FACTUAL BACKGROUND**

The following facts are undisputed[2] and are gleaned from the Petition:

    Mr. Ochoa is a native and citizen of Mexico who has resided in the United States since entering without inspection around 2002 when he was 12 years old. (ECF 1 at ¶¶ 1-2, 24); *see also* (ECF 4 at pp. 2-3) ("For purposes of this *habeas* petition only, the government does not dispute other facts or characterizations thereof stated in the petition. . . ."). Mr. Ochoa is the father of two United States citizens, ages 5 and 12 years old, and has no criminal record. (*Id.* at ¶¶ 2, 29-30). Neither DHS nor its sub-agencies have made any claim that Mr. Ochoa is a danger to persons or property or is a flight risk. (*Id.* at ¶ 31).

    On December 10, 2025, agents of the United States Immigration and Customs Enforcement ("ICE"), as well as other federal agents acting on its behalf, surrounded Mr. Ochoa's work vehicle when he was leaving a Home Depot in Philadelphia, Pennsylvania. (*Id.* at ¶¶ 3, 25-26). Mr. Ochoa was pulled over, arrested, and detained at the Federal Detention Center ("FDC") in Philadelphia, Pennsylvania. (*Id.* at ¶¶ 3, 25-27).

    Since being detained, Mr. Ochoa has not been provided a bond hearing nor any other individual assessment to support his detainment. On December 12, 2025, Mr. Ochoa filed the underlying Petition. On December 19, 2025, this Court issued an Order requiring the Government to respond to the Petition by December 26, 2025. (ECF 2). On December 23, 2025, the Government filed an answer/response to the Petition. (ECF 4).

**LEGAL STANDARD**

A federal district court is authorized to grant a writ of *habeas corpus* under 28 U.S.C. § 2241 when the petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). The burden is on the petitioner to show that his detention/custody is in violation of the Constitution and/or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941). The Fifth Amendment of the United States Constitution entitles noncitizens to due process of law in deportation proceedings. *See Serrano-Alberto v. AG United States*, 859 F.3d 208, 211

---

[2] The Government represents that, "[f]or purposes of responding to this *habeas* petition only, the government does not dispute other facts or characterizations thereof stated in the petition (except if the petitioner claims he has been 'admitted' to the United States." (ECF 4, at pp. 2-3).

(3d Cir. 2017) ("The Fifth Amendment protects the liberty of all persons within our borders, including aliens in immigration proceedings who are entitled to due process of law . . . .").

**DISCUSSION**

In his *habeas* Petition, Mr. Ochoa contends that his detainment violates his Fifth Amendment right to due process under the Constitution of the United States. Mr. Ochoa argues that the Government failed to provide him with process, a showing of changed circumstances, or an opportunity to respond. Alternatively, Mr. Ochoa contends that the Government failed to provide him a bond hearing pursuant to 8 U.S.C. § 1226(a). As such, Mr. Ochoa seeks immediate release or, at a minimum, a Section 1226(a) bond hearing. This Court understands Mr. Ochoa's Petition as one based on an alleged violation of his Fifth Amendment right to due process.

*Jurisdiction Properly Lies in this Federal Court*

Undisputedly, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Among this limited jurisdiction is the authority to review a *habeas* petition and grant *habeas* relief to any person in custody "under or by color of the authority of the United States" or "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3); *see also Walker v. Johnston*, 312 U.S. 275, 286 (1941).

The Government argues that this Court's review of the instant Petition is jurisdictionally barred pursuant to the following provisions of the Immigration and Nationality Act ("INA"); *to wit*: 8 U.S.C. §§ 1252(g), 1252(b)(1), and 1252(a). While the Third Circuit Court of Appeals ("Third Circuit") has recognized that "[t]he INA limits judicial review in several ways," *E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, 950 F.3d 177, 184 (3d Cir. 2020), it applies a narrow construction to jurisdiction-stripping provisions. *Novo Nordisk Inc. v. Sec'y United States HHS*, 154 F.4th 105, 111 (3d Cir. 2025). Further, none of the INA provisions invoked by the Government "strip[ ] the Court's jurisdiction to determine the statutory basis for . . . detention or

to assess whether [petitioner's] continued detention without a bond hearing violates [petitioner's] constitutional rights." *Kashranov v. Jamison*, No. 2:25-CV-05555-JDW, 2025 WL 3188399, at *3 (E.D. Pa. Nov. 14, 2025).[3]

### *Mr. Ochoa is Entitled to Habeas Relief Because his Detainment Violates Due Process*

A threshold inquiry for a petition for a writ of *habeas corpus* is whether the petitioner fully exhausted his claims. *Picard v. Connor*, 404 U.S. 270, 275 (1971). Generally, petitioners seeking *habeas* review pursuant to § 2241 "are ordinarily required to exhaust their administrative remedies[.]" *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exceptions exist, however. Petitioners "need not exhaust administrative remedies where "the issue presented involves only statutory construction." *Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012). Additionally, "where exhaustion is not clearly mandated by statute, a futility exception exists." *Duvall v. Elwood*, 336 F.3d 228, 234 (3d Cir. 2003). Here, both exceptions apply.

In this matter, there are no applicable statutory exhaustion requirements related to Mr. Ochoa's Petition. Indeed, the issue in this case hinges on the statutory construction of Sections 1225 and 1226. Any effort by Mr. Ochoa to exhaust administrative remedies through an immigration judge and the BIA would be futile as the BIA's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 225 (BIA 2025), is binding on the immigration court proceedings and precludes an administrative remedy. Moreover, the BIA does not have jurisdiction to adjudicate constitutional issues. *Qatani v. Att'y Gen.*, 144 F.4th 485, 500 (3d Cir. 2025). As the Petition raises a substantial constitutional question, it is properly before this Court. Thus, this Court may review Mr. Ochoa's *habeas* Petition on its merits.

---

[3] This Court need not engage further with the Government's proposed reading of the INA jurisdictional bars — which, by the Government's representation, divest this Court of jurisdiction over claims arising from the Government's action to commence removal proceedings, its statutory interpretation of the INA, and a discretionary decision of the Attorney General or the Secretary — because the Government mischaracterizes Mr. Ochoa's fundamental *habeas* claim.

Mr. Ochoa avers that he is being unconstitutionally detained as he is being unlawfully denied a bond hearing pursuant to Section 1226(a). This Court agrees. Section 1226(a) "applies to aliens already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). When the Government detains an undocumented person (an alien) under Section 1226, that person has due process rights, including a right to an individualized detention determination and a bond hearing. *See* 8 C.F.R. § 1236.1(c)(8), (d). This is in line with the Due Process Clause which "applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)

The Government, relying on the BIA's interpretation of "seeking admission" under Sections 1225(b)(2) and *Hurtado*, 29 I. & N. Dec. at 221,[4] argues that Mr. Ochoa is subject to mandatory detention pursuant to Section 1225(b)(2). Specifically, Section 1225(b)(2) applies to undocumented individuals (aliens) seeking entrance into the United States. *Jennings*, 583 U.S. at 303 ("U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under [Sections] 1225(b)(1) and (b)(2)."). Here as elsewhere, the Government's attempts to complicate the issue in this case are, however, ineffective. Congress wrote a statute

---

[4] This Court need not defer to the BIA's interpretation of Section 1225(b)(2). *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400-01 (2024) (noting that "agencies have no special competence in resolving statutory ambiguities" but "[c]ourts do"). As of November 18, 2025, Judge Diamond cataloged at least 288 district court decisions that addressed this same issue, and 282 of these decisions have rejected the Government's interpretation of the INA. *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243, at *1 (E.D. Pa. Nov. 18, 2025) (Diamond, J.). As of December 10, 2025, at least twelve courts within the Eastern District of Pennsylvania have declined to adopt the Government's interpretation of Section 1225(b)(2). *See Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Demirel*, 2025 WL 3218243; *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Patel v. McShane*, No. 25-cv-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Ibarra v. Warden of the Fed. Det. Ctr. Philadelphia*, No. 25-cv-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Morocho v. Jamison*, No. 5:25-cv-5930, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill*, No. 25-cv-6358, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *M-L-Z- v. Noem, et al.*, No. 25-cv-5479, 2025 WL 3470046 (E.D. Pa. Dec. 2, 2025) (Baylson, J.); *Velazquez v. O'Neill*, No. 25-6191, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Nogueira-Mendes v. McShane, et al.*, No. 25-cv-5810, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); and *Pereira v. O'Neill, et al.*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.).

differentiating between noncitizens who are newly seeking entry into the United States and those who have been in this country for an extended period.[5] This Court rules consistent with the Constitution and the statute as written. Because this Court finds that Mr. Ochoa's detention is subject to Section 1226(a) and that the Government has failed to provide a bond hearing upon his detention, Mr. Ochoa is entitled to his requested relief of immediate release.

*Section 1225(b)(2)*

Section 1225(b)(2) provides that: "[I]n the case of an alien who is an <u>applicant for admission</u>, if the examining immigration officer determines that an alien <u>seeking admission</u> is not clearly and beyond a doubt entitled to be admitted, <u>the alien shall be detained</u> for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2) (emphasis added). Under this statutory language, an "applicant for admission" is subject to Section 1225(b) if they are found to be "seeking admission." *See also Jennings*, 583 U.S. at 297 (emphasis added) ("[Section] 1225(b) applies primarily to aliens <u>seeking entry</u> into the United States.").

The statute defines "an applicant for admission" as an "alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). The statute also defines "admitted" and "admission" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). Because Mr. Ochoa entered the United States without inspection when he was 12 years old, he falls under the definition of "applicant for admission."

However, the INA does not define the phrase "seeking admission." *See generally*, 8 U.S.C. § 1101. This Court relies on Judge Wolson's well-reasoned analysis of the plain meaning of the

---

[5] The Supreme Court of the United States has identified a distinction between Sections 1225(b) and 1226(a): "U.S. immigration law authorizes the Government to detain <u>certain aliens seeking admission into the country</u> under [Sections] 1225(b)(1) and (b)(2). It also authorizes the Government to detain <u>certain aliens already in the country</u> pending the outcome of removal proceedings under [Sections] 1226(a) and (c)." *Jennings*, 583 U.S. at 289 (emphasis added). However, the Court has not defined "seeking admission," thus requiring an independent statutory interpretation.

text, statutory context, and legislative history of Section 1225(b) to define "seeking admission" to mean "physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization." *See Kashranov*, 2025 WL 3188399, at *6-7. Mr. Ochoa entered the United States in 2002, and he has been living, apparently without criminal incident, in the United States ever since. In the past twenty plus years while Mr. Ochoa has been living peaceably in the United States, he has not been "seeking admission," and, thus, he is not subject to Section 1225(b)(2) and cannot be detained without a bond hearing or due process.

*Section 1226(a)*

As noted, Section 1226 "applies to aliens already present in the United States." *Jennings*, 583 U.S. at 303. Section 1226(a) provides discretionary authority to arrest and detain a noncitizen "pending a decision on whether [they are] to be removed from the United States." 8 U.S.C. § 1226(a). This section further provides:

> ***Aliens who are arrested and detained may generally apply for release on bond or conditional parole***. [8 U.S.C.] §1226(a)(2). To secure release, the alien must show that he does not pose a danger to the community and that he is likely to appear for future proceedings. 8 CFR §§ 236.1(c)(8), 1236.1(c)(8) (2020); *In re Adeniji*, 22 I. & N. Dec. 1102, 1113 (BIA 1999). If DHS denies the alien's request, the alien may request a bond hearing in front of an immigration judge by filing an application for a change in the alien's detention conditions. *See* 8 CFR §§236.1(d)(1), 1003.19(a), 1236.1(d)(1). Either the alien or DHS may appeal the immigration judge's decision to [BIA]. *See* 8 CFR §§236.1(d)(3)(i), 1003.19(f), 1236.1(d)(3)(i).

*Johnson v. Guzman Chavez*, 594 U.S. 523, 527-28 (2021) (footnote omitted).

Here, ICE agents arrested and detained Mr. Ochoa without any process of law while he was in his work vehicle. (ECF ¶¶ 25-26). Given ICE agents arrested and detained Mr. Ochoa unexpectedly, and that he has been in this country for more than twenty years, it is apparent to this Court that Section 1226(a) applies to his circumstance, and he is entitled to nothing less than a hearing to determine the lawfulness of his detention. Accordingly, Mr. Ochoa should have been entitled to an opportunity to apply for release on bond.

This Court has also considered whether Mr. Ochoa's detainment violated his constitutional rights and finds his rights were violated. "[The] Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. To determine whether Mr. Ochoa, who is a person within the United States, has been denied due process, this Court applied the *Mathews v. Eldridge* balancing test and weighed the following factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. 319, 335 (1976).

As for the *Mathews* private interest factor, Mr. Ochoa's freedom, is paramount here. A person's interest in freedom from physical detention is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). "Freedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 695 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). Thus, the first factor of private interest weighs heavily in Mr. Ochoa's favor.

The second *Mathews* factor — the risk of an erroneous deprivation of Mr. Ochoa's rights also weighs in his favor. Based upon the current record, the Government has detained Mr. Ochoa without any individualized determination whatsoever, and it is unclear what the Government intends as to the length of Mr. Ochoa's detainment. This Court will not countenance a situation in which Mr. Ochoa could is subject to months of detention prior to any opportunity to be heard.

Finally, although "control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature[,]" *Landon v. Plasencia*, 459 U.S. 21, 34 (1982), a bond hearing would not impose additional administrative burdens on the Government's

interests as Section 1226(a) already allows Mr. Ochoa to apply for release on bond, *see Johnson*, 594 U.S. at 527.

In sum, because the *Mathews* factors weigh heavily in Mr. Ochoa's favor, this Court finds his detention violates his due process rights under the Fifth Amendment, and he is entitled to an opportunity to be heard at a bond hearing.

**CONCLUSION**

Based on the reasons set forth, this Court has jurisdiction over this *habeas* petition. Further, as a general matter, a *habeas* court has "the power to order the conditional release of an individual unlawfully detained — though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008). Because the Government detained Mr. Ochoa without any individualized assessment, nor allowing for a bond hearing pursuant to Section 1226(a) and the Due Process Clause, this Court finds that Mr. Ochoa current detainment is unlawful and violates the INA and the Due Process Clause of the Fifth Amendment of the United States Constitution. Accordingly, Mr. Ochoa's *habeas* petition is granted, and a bond hearing shall be provided to Mr. Ochoa immediately, no later than five days from the date of the Court's Order. Failure to provide the bond hearing will result in Mr. Ochoa's immediate release. An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, J.